**CAVE et al. v. McCUBBIN et al.**

Court of Appeals of Kentucky.
March 6, 1951.

Davis Williams, Stokes A. Baird, Munfordville, for appellants.

Larimore & Craddock and C. B. Dowling, Munfordville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment which awarded the appellees a right of way across the farm of appellants and enjoined the appellants from interfering with the use.

The McCubbins own three adjoining tracts of land of 65 acres acquired in 1920, and 63 acres and 21 acres which were acquired by them in 1943. Each of these three tracts border on the land of the appellants. As late as 1912 the three tracts of appellees and the land of the appellants were the property of one owner, and the passway now in dispute was in existence. The terrain was rough, and the road in question was originally built to connect various parts of the farm for the purpose of hauling tobacco and other produce to a storage barn and to the highway.

As stated before, the appellees had owned the 65-acre tract since 1920, and had acquired the other two tracts in 1943. The 65-acre tract has a usable outlet to Kentucky Highway No. 88 and is not involved in this litigation. In the deed of

1943 by which appellees obtained title to the 63-acre and the 21-acre tracts, a separate passway to a county road is included for each tract, and these passways were included in previous deeds in appellees' chain of title. The fact that the deeds to appellees and their predecessors in title contain grants of specific outlets for the two tracts contradicts any implication of a way of necessity over the other land of the common grantor now owned by the appellants. Bert Hodges, who owned appellees' two tracts until 1936, testified the reason he bought the 21-acre tract was to get an outlet along the line between the appellees' 65-acre tract and the appellants' property to what is now Kentucky Highway No. 88. The only question really confronting us is whether a prescriptive right to use the disputed roadway has been obtained.

The appellees' evidence consisted of the testimony of a number of business and social visitors including relatives of those who formerly owned the two tracts. They said they had known and used the road for many, many years in visiting the appellees' premises. None of these witnesses ever owned any of the land involved. On the other hand, the appellants were supported in their contention that the use of the disputed roadway was permissive by the testimony of a witness who owned the appellees' 63-acre tract from 1912 to 1936 and the 21-acre tract from 1923 to 1936. The appellees' grantor, who also was a nephew of the original appellant, John Cave, also supported the appellants' contention that the use was permissive.

Based upon the evidence presented, we have concluded that until 1944 or 1945 the appellees and their predecessors in title have used the road across the land of the appellants with their consent, and not adversely under a claim of right. The inclusion of other rights of way to the two tracts in the conveyances to the appellees and their predecessors in title supports this conclusion. Since the use was permissive and not adverse, it conferred upon the users no easement by prescription. So far as the use of the right of way by relatives, guests and friends of the owners of

the two tracts is concerned, it could not have had any greater legal dignity than the use by the owners of the tracts. It was not shown that the general public used the road, and the physical facts do not suggest that they would have any reason to use it. Only the owners of the land and their social or business associates had any occasion to use the disputed road. Assuming that the appellees' use of the road has been adverse since 1943 when they obtained title to the two tracts, sufficient time has not elapsed to give them an easement.

The judgment is reversed.